# United States Tax Court

T.C. Memo. 2025-126

MICHAEL D. BROWN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 14660-22L.                    Filed December 4, 2025.

————

*Steven Ray Mather* and *James M. Mather*, for petitioner.

*Kevin W. Coy*, *Michelle A. Monroy*, and *Jeremy R. Eggerth*, for respondent.

## MEMORANDUM OPINION

MORRISON, *Judge*: On June 7, 2022, the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) issued a Notice of Determination sustaining proposed levies to collect from petitioner income tax for 2009, 2011, and 2014 and amounts of "Addition to Tax/Penalty" for 2001, 2002, 2003, 2005, 2006, 2007, 2009, and 2010.[1] On June 30, 2022, petitioner filed a timely Petition for review of the Notice of Determination. We have jurisdiction to review the Notice of Determination under section 6330(d)(1).

This case is before us on petitioner's Motion for Summary Judgment, filed June 27, 2025. The sole remaining issue is whether petitioner's offer-in-compromise of April 19, 2018, was deemed accepted

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** by operation of section 7122(f). Section 7122(f) provides that an offer-in-compromise "shall be deemed to be accepted" if it "is not rejected by the Secretary [of the Treasury] before the date which is 24 months after the date of the submission of such offer." In another case involving petitioner, we issued an opinion holding that the same offer-in-compromise was not deemed accepted by operation of section 7122(f). *Brown v. Commissioner*, 158 T.C. 187, 194 (2022), *aff'd*, 116 F.4th 861 (9th Cir. 2024). That opinion is binding precedent. *See Analog Devices, Inc. & Subs. v. Commissioner*, 147 T.C. 429, 443 (2016). We will therefore deny petitioner's Motion for Summary Judgment and instead award summary judgment to respondent. We withhold the decision in this case to allow for further proceedings to determine which state petitioner resided in when he filed the Petition.

*Background*

The following facts and other matters are undisputed.

On November 9, 2017, the IRS issued a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing, to petitioner informing him that a federal tax lien had been filed to secure his tax liabilities for tax years 2009 and 2010. *Brown*, 158 T.C. at 189. Pursuant to section 6320(a)(3)(B) and (b)(1), petitioner requested a collection-due-process (CDP) hearing with Appeals. *Brown*, 158 T.C. at 189.

On April 19, 2018, petitioner submitted an offer-in-compromise to the IRS. *Id.* By this offer-in-compromise, petitioner offered to pay $320,000 in satisfaction of his liabilities for 2009, 2010, and other tax years. *Id.*[2]

On November 5, 2018, the Laguna Niguel branch of the IRS issued a letter to petitioner stating that it was returning his offer-in-compromise because of pending investigations regarding his tax liabilities. *Id.* at 190–91.

On August 26, 2019, the IRS issued a notice to petitioner stating that it proposed a levy to collect the following liabilities: income tax liabilities for the 2009, 2011, and 2014 tax years and additions to tax and penalties for the 2001, 2002, 2003, 2005, 2006, 2007, 2009, and 2010

---

[2] The summary-judgment papers show that the other tax years were 2001–07 and 2014.

[*3] tax years. Pursuant to section 6330(a)(1) and (b)(1), petitioner requested a CDP hearing with Appeals.

On August 12, 2020, Appeals issued petitioner a Notice of Determination regarding the lien-filing CDP hearing, sustaining the filing of the lien. *Brown*, 158 T.C. at 191–92.

On August 31, 2020, as permitted by section 6330(a)(3)(B), petitioner timely petitioned the Court regarding the August 12, 2020, Notice of Determination regarding the lien-filing CDP hearing. *Brown*, 158 T.C. at 192. The case was assigned Docket No. 11519-20L.

On June 7, 2022, Appeals issued a Notice of Determination regarding the proposed-levy CDP hearing, sustaining the proposed levies.

On June 23, 2022, the Tax Court issued an opinion in Docket No. 11519-20L (the case about the lien-filing CDP hearing) denying petitioner's motion for summary judgment filed in that case. *Brown*, 158 T.C. 187. The Tax Court held that the April 19, 2018, offer-in-compromise was rejected by the Secretary of the Treasury on November 5, 2018, when it was returned to petitioner by the Laguna Niguel branch of the IRS, and that therefore it was not deemed accepted by the IRS by operation of section 7122(f). *Brown*, 158 T.C. at 192–99. After further proceedings, the Tax Court in Docket No. 11519-20L entered a decision for the Commissioner.

On June 30, 2022, petitioner filed a Petition for review of the June 7, 2022, Notice of Determination regarding the proposed-levy CDP hearing. The case (which is the instant case) was assigned Docket No. 14660-22L. Among the issues raised by the Petition was whether petitioner's April 19, 2018, offer-in-compromise was deemed accepted by the IRS by operation of section 7122(f). This was the exact same offer-in-compromise that the Tax Court opinion in *Brown*, 158 T.C. 187, had held was not deemed accepted by the IRS by operation of section 7122(f). Again, this was the opinion in the lien-filing CDP case, Docket No. 11519-20L.

On August 29, 2024, the U.S. Court of Appeals for the Ninth Circuit issued a plurality opinion in the lien-filing CDP case, Docket No. 11519-20L. *Brown v. Commissioner*, 116 F.4th 861. The plurality opinion was written by Judge Wardlaw. *Id.* Agreeing with the reasoning of the Tax Court opinion, Judge Wardlaw opined that the return of the April 19, 2018, offer-in-compromise by the IRS Laguna

**[*4]** Niguel branch was a rejection under section 7122(f). *Brown v. Commissioner*, 116 F.4th at 871. In a concurring opinion, Judge Lee wrote that the 24-month limitation in section 7122(f) does not apply to the offer-in-compromise because it was submitted as part of a CDP hearing. *Brown v. Commissioner*, 116 F.4th at 875 (Lee, J., concurring). In a dissenting opinion, Judge Bumatay wrote that the officer handling the CDP hearing would have had to return petitioner's offer-in-compromise in 24 months for the section 7122(f) period to close. *Brown v. Commissioner*, 116 F.4th at 888 (Bumatay, J., dissenting). The Ninth Circuit entered a decision affirming the Tax Court decision, and the Tax Court's decision is now final.

On April 23, 2025, the parties filed a Stipulation of Settled Issues stating that the only issue remaining in this case is whether "petitioner's offer in compromise was accepted by operation of I.R.C. § 7122(f)" and that the same issue was presented in the case at Docket No. 11519-20L. The Stipulation of Settled Issues also stated that the parties dispute whether petitioner lived in Texas when he filed his Petition.

On June 27, 2025, petitioner filed a Motion for Summary Judgment contending that the April 19, 2018, offer-in-compromise had been deemed accepted by the IRS as a matter of law because it had not been rejected within 24 months. Anticipating that respondent would argue that petitioner's contention was barred by collateral estoppel, petitioner argued that respondent's collateral-estoppel argument should be rejected in part because petitioner resided in Texas when he filed the Petition in the instant case.

On July 28, 2025, respondent filed an Objection to the Motion for Summary Judgment. Respondent contended that the IRS returned the April 19, 2018, offer-in-compromise on November 5, 2018, a date which was within the 24 months allowed under section 7122(f), and that therefore the offer-in-compromise was not deemed accepted by section 7122(f). Respondent argued that this proposition is compelled under stare decisis by the Tax Court opinion in *Brown*, 158 T.C. 187. Respondent made three arguments in the alternative to this stare decisis argument. First, respondent contended that the Tax Court opinion in *Brown*, 158 T.C. 187, collaterally estops petitioner from arguing that the offer-in-compromise was deemed accepted by operation of section 7122(f). Relatedly, respondent disputed that petitioner

[*5] resided in Texas when he filed the Petition.[3] Second, respondent contended that section 7122(a) prohibited the IRS from accepting the offer-in-compromise even apart from the effect of the Tax Court opinion in *Brown*, 158 T.C. 187. Third, respondent contended that Appeals did not err in its handling of the offer-in-compromise because the offer-in-compromise had been made in the CDP hearing regarding the lien filing, not in the CDP hearing regarding the proposed levy, and because the offer-in-compromise had been "closed" on November 5, 2018. Finally, respondent contended that summary judgment in favor of respondent is proper under Rule 121(g)(1).

On August 11, 2025, petitioner filed a Reply to Respondent's Objection to Motion for Summary Judgment. Petitioner contended that respondent is not entitled to summary judgment under Rule 121(g)(1). Petitioner also contended that various facts asserted in respondent's Objection to Motion for Summary Judgment (which are related to respondent's alternative arguments) are unsupported. However, petitioner acknowledged that the "issues in our case are the same as in" the Tax Court opinion in *Brown*, 158 T.C. 187.

On September 10, 2025, respondent filed a Sur-Reply to Petitioner's Reply to Respondent's Objection to Motion for Summary Judgment.

*Discussion*

Rule 121(a)(1) provides that a party may move for summary judgment on all or any part of the legal issues in controversy. Rule 121(a)(2) provides that the Court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Rule 121(c)(1) provides that a party asserting that a fact cannot be genuinely disputed (or is genuinely disputed) must support the assertion by (a) citing particular materials in the record, including affidavits, declarations, and stipulations, or (b) showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Rule 121(c)(2) provides that a party may object that

---

[3] Later, in a September 10, 2025, Sur-Reply to Petitioner's Reply to Respondent's Objection to Motion for Summary Judgment, respondent observed that the Notice of Determination in the instant case was sent to an address in Nevada, which is in the Ninth Circuit.

**[\*6]** material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Rule 121(c)(3) provides that the Court need consider only the cited materials but that it may consider other materials in the record. Rule 121(c)(4) provides that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Rule 121(d) provides that when a motion for summary judgment is made and supported as set forth in Rule 121, the nonmovant must respond by setting forth specific facts and supporting those facts as required by Rule 121(c) to show that there is a genuine dispute of fact for trial. Rule 121(f) provides that if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may (1) give an opportunity to properly support or assert the fact, (2) consider the fact undisputed for purposes of the motion, (3) grant summary judgment if the motion and supporting materials (including the facts considered undisputed) show the movant is entitled to it, or (4) issue any other appropriate order.

Rule 121(g) provides that "[a]fter giving notice and a reasonable time to respond, the Court may . . . (1) grant summary judgment for a nonmovant."

The sole remaining issue is whether "petitioner's offer in compromise was accepted by operation of I.R.C. § 7122(f)." We agree with respondent that the Tax Court opinion in *Brown*, 158 T.C. 187, has resolved the identical issue. *See Analog Devices*, 147 T.C. at 443 (affording precedential weight to the Court's prior reviewed and division opinions). Petitioner has provided no compelling reason to depart from that precedent. We therefore hold that the April 19, 2018, offer-in-compromise was not accepted by operation of section 7122(f). Our holding does not depend on any disputed facts. It is therefore appropriate to deny petitioner's Motion for Summary Judgment.

Furthermore, the issue of whether the April 19, 2018, offer-in-compromise was accepted by operation of section 7122(f) is the only remaining challenge petitioner still raises to the Notice of Determination of June 7, 2022. Having rejected this challenge on undisputed facts, it is appropriate for us to award summary judgment to respondent on the question of whether the Notice of Determination of June 7, 2022, should be sustained. *See* Rule 121(g)(1).

**[*7]** We need not reach respondent's three alternative arguments against petitioner's Motion for Summary Judgment, including the argument that collateral estoppel bars petitioner from raising the section 7122(f) issue. According to petitioner, proper analysis of respondent's collateral-estoppel argument would require us to determine the default venue for any appeal in this case, which would mean resolving petitioner's assertion that he resided in Texas when he filed his Petition. *See* § 7482(b)(1)(G)(i) (providing that a decision of the Tax Court in a CDP case may be reviewed by the circuit in which is located the legal residence of the taxpayer if the taxpayer is an individual); *id.* subsec. (b)(2) (providing that, notwithstanding the rules of subsection (b)(1), decisions of the Tax Court may be reviewed by any circuit designated by the Secretary of the Treasury and the taxpayer in writing). As stated above, we need not address respondent's collateral-estoppel argument. However, determining petitioner's state of residence would assist the parties and the U.S. court of appeals in resolving any appeal of our decision. We will therefore withhold our decision to allow for further proceedings to determine petitioner's state of residence when he filed his Petition.[4]

To reflect the foregoing,

*An appropriate order will be issued.*

---

[4] Our decision will sustain the Notice of Determination of June 7, 2022.